IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STANWICH MORTGAGE, *a Division of Wilmington Savings Fund Society; FSB Loan Trust Series 2012-19*, | : CIVIL ACTION NO.<br>: 1:15-CV-3439-WSD-JSA<br>: |
| Plaintiff, | : |
| v. | : |
| PAMELA REID-MORGAN *and All Other Tenants*, | : |
| Defendants. | : **ORDER AND FINAL REPORT AND**<br>: **RECOMMENDATION** |

Defendant Paul Rowe,[1] proceeding *pro se*, seeks leave under 28 U.S.C. § 1915(a)(1) to remove this action to this Court *in forma pauperis,* without prepaying applicable fees and costs or security therefor. Defendant's Application to Proceed in District Court without Prepaying Fees or Costs [1] indicates that he is unable to pay the filing fee or to incur the costs of these proceedings. Defendant thus satisfies the requirements of 28 U.S.C. § 1915(a)(1), and Defendant's Application to Proceed in

---

[1] Although Paul Rowe states that he is a Defendant in this case, his name is not listed as a Defendant on the docket. However, the Application suggests that he is an occupant of the property at issue because he lists Defendant Pamela Morgan (listed as Pamela Reid-Morgan on the docket who is an occupant of the property) as a co-petitioner to remove this action. *See* Application [1-1] at 1. To keep terms consistent, the Court will refer to Mr. Rowe as Defendant. It is unclear whether Defendant Rowe has properly submitted this Application to the Court. However, for purposes of this frivolous removal, the Court will presume that the Application [1] is properly before this Court.

District Court without Prepaying Fees or Costs [1] is **GRANTED**. This action shall therefore proceed as any other civil action, and Defendant shall be allowed to proceed without prepayment of a filing fee.

Pursuant to 28 U.S.C. § 1447, if at any time before final judgment it appears that this Court lacks subject matter jurisdiction over an action that has been removed from a state court, this Court must remand the action. *See* 28 U.S.C. § 1447(c). The undersigned must therefore examine Defendant's "Petition for Removal of Action with a Federal Stay of Eviction Pursuant to 28 USCA 1446 (D)" [1-1] ("Petition for Removal") to determine whether this Court has jurisdiction over Plaintiff's claims. "In removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001).

Defendant's Petition for Removal [1-1] does not appear to contend that Plaintiff has asserted any federal claims in the subject state court action. Instead, Defendant is claiming certain defenses under federal law, specifically alleging that Plaintiff violated the Fourteenth Amendment to the United States Constitution, 15 U.S.C. § 1692, Rule 60 of the Federal Rules of Civil Procedure, and O.C.G.A. § 51-1-6. Thus, it appears that Defendant is alleging that this Court has subject matter

jurisdiction over this case on the basis of a federal question. The Court has reviewed the record, however, and determines that Defendant has not established federal question jurisdiction.

Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under 28 U.S.C. § 1441, a defendant may remove a civil action to a district court on the basis of such federal question jurisdiction. *See* 28 U.S.C. § 1441(a). The Supreme Court has held that the presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint" rule. That rule provides that federal jurisdiction exists only when a federal question is presented on the face of the state court plaintiff's properly-pleaded complaint. *See Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936); *see also Anderson v. Household Fin. Corp.*, 900 F. Supp. 386, 388 (M.D. Ala. 1995). Defendant, however, does not contend that Plaintiff has asserted any federal claims in this case, and a review of the record reveals that Plaintiff has asserted no federal claims.

Instead, Defendant's Petition for Removal indicates that Plaintiff's action in the Magistrate Court of DeKalb County is a dispossessory action to remove Defendant as a tenant. *See* Petition for Removal [1-2], and attachments. An eviction

or dispossessory action is a process governed by state law that does not typically implicate federal law. Defendant has not identified in the Petition for Removal any federal question that Plaintiff's state court eviction action raises. To the extent that Defendant is attempting to remove this action by asserting defenses or counterclaims which invoke federal statutes, that basis of removal is also improper. Under the well-pleaded complaint rule, federal defenses and counterclaims are not sufficient to confer jurisdiction on this Court to hear an action removed from a state court. *See Fed. Land Bank of Columbia v. Cotton*, 410 F. Supp. 169, 170 n.1 (N.D. Ga. 1975) ("defendant's defense and counterclaim relating to truth-in-lending violations are clearly not sufficient to confer subject-matter jurisdiction upon this court for the entire action").

Defendant has not alleged that this Court has diversity jurisdiction over this action. *See* 28 U.S.C. § 1332(a). But even if he had alleged diversity as a basis for jurisdiction, diversity between parties does not provide a basis for removal to federal court if any of the properly-joined defendants is a citizen of the state in which the action is brought. *See* 28 U.S.C. § 1441(b)(2). Defendant states that he is a resident of Lithonia, Georgia, and does not allege citizenship in any other state. *See* Petition

4

for Removal [1-1] at 3. Thus, this action may not be removed on the basis of diversity jurisdiction.

Finally, the Court notes that the relief Defendant seeks in the title of the filing–a "Federal Stay of Eviction"–is a stay of a state court action. Under the Anti-Injunction Act, 28 U.S.C. § 2283,[2] this Court cannot enjoin a state court action for eviction. The Anti-Injunction Act is "an absolute prohibition against enjoining State Court proceedings, unless the injunction falls within one of three specifically defined exceptions." *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970). "The three excepted circumstances are (i) the express provisions of another act of Congress authorizing such an order; (ii) necessity in aid of the federal court's jurisdiction; and (iii) the need to protect or effectuate the federal court's judgments." *Std. Microsystems Corp. v. Texas Instruments, Inc.*, 916 F.2d 58, 60 (2d Cir. 1990). None of those exceptions applies in this case. This prohibition against injunctions applies whether the movant seeks to enjoin the parties to the action or the state court itself. *See, e.g.*, *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*, 134 F.3d 133, 144 (3d Cir.1998). In this case, Defendant seeks to enjoin Plaintiff

---

[2] The Anti-Injunction Act states: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

from proceeding with a dispossessory action already filed in state court. This Court is, however, "absolutely prohibited" by the Anti-Injunction Act from granting such relief.

Accordingly, while Defendant's Application to Proceed in District Court without Prepaying Fees or Costs [1] is **GRANTED**, for the reasons discussed above, the undersigned **RECOMMENDS** that this action be **REMANDED** to the Magistrate Court of DeKalb County.

As this is a Final Report and Recommendation, there is nothing further in this action pending before the undersigned. Accordingly, the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

**IT IS SO ORDERED and RECOMMENDED** this 1st day of October, 2015.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE